# UNITED STATES DISTRICT COURT
## EASTERN DIVISION
## AT GREENVILLE

Jennifer Lawson as the
Administrator/Personal Representative
of the Estate of Ashley Lawson,

       Plaintiff,

v.

Yes Express, Inc., and
Ion Hazapariu,

Docket No.

---

## COMPLAINT

---

COMES NOW, the Plaintiff, Jennifer Lawson as Administrator/Personal Representative of the Estate of Ashley Lawson, (hereinafter: the "Plaintiff"), by and through her counsel of record, Jennifer K. O'Connell, and file this complaint for personal injuries and wrongful death sustained as a result of an injury and subsequent death at the hand of the defendants as follows:

### I. PARTIES

1.    The Decedent in the above styled case is Ashley Lawson. The Decedent at the time of her death was a resident of Hawkins County, Tennessee. Her estate is filed in Hawkins County, Tennessee. The administrator/personal representative of the decedent's estate is Ashley Lawson.

2.    Defendant Yes Express, Inc. (hereinafter: "Defendant Yes") was the employer of Ion Hazapariu (hereinafter: the "Yes Employee") who was operating its Volvo tractor-trailer. The 'Blanket Company' for Defendant Yes is the All American Agents of Process. The registered agent for Defendant Yes in Tennessee via the All American Agents of Process

is Robert M. Asbury 550 Main Street, Suite 950, Knoxville, TN 37902.

3.  At all times relevant to this complaint, Defendant Yes, was the registered owner of the Volvo tractor-trailer driven by the Yes Employee and is therefore a proper party to this action by virtue of T.C.A. §55-10-312.

4.  Plaintiff avers that upon information and belief that at all times relevant to this complaint, Defendant Yes is a duly authorized foreign corporation with a principal place of business located at 3900 Wyoming Street, Dearborn, MI 48120 and a mailing address of 5731 Farmington Road, W Bloomfield, MI 48322.

5.  Plaintiff avers that upon information and belief that at all times relevant to this complaint, Ion Hazapariu was a resident of the State of Texas.

## II. JURISDICTION AND VENUE

6.  Plaintiff's causes of action arises in tort under and by virtue of the laws of the State of Tennessee, including T.C.A. § 20-5-106 et. seq., for the damages Ashley Lawson sustained as a result of an automobile collision on or about August 5, 2014, in Hawkins County, Tennessee.

7.  Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. §1332.

8.  Venue for trial on the merits in the United States District Court for the Eastern District of Tennessee, at Greenville, is proper because the defendant's conduct, which constitutes the basis for the instant dispute, occurred in Hawkins County, State of Tennessee. Therefore both jurisdiction and venue have been properly established in this Court.

## III. FACTUAL ALLEGATIONS

9.  At all times relevant to this complaint, Ashley Lawson was traveling in a safe and prudent manner on 11W in Hawkins County, Tennessee.

10. At all times relevant to this complaint, the Yes Employee was operating Defendant Yes's tractor trailer on 11W in Hawkins County, Tennessee.

11. At all times relevant to this complaint, the Yes Employee was in the course and scope of his employment with Defendant Yes.

12. The Yes Employee then negligently tried/did perform an illegal left turn, causing a collision between the two vehicles and serious personal injury to, and subsequent death of, Ashley Lawson.

13. The Yes Employee was not in his proper lane of travel at the time of the wreck.

14. The Yes Employee was attempting a left turn at a place where left turns are specifically forbidden.

15. The Yes Employee was or had just backed the Yes tractor-trailer on a public road.

16. At the time of the collision, the Yes Employee had placed the Yes tractor-trailer pointing the wrong direction for the side of the road the tractor-trailer was on.

## IV. DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

17. Plaintiff avers that the Yes Employee was guilty of the following acts of common law negligence, in that he failed to:

   a. maintain the vehicle under proper and reasonable control;

   b. maintain a proper lookout for other vehicles on the roadway;

   c. operate the vehicle appropriately for the existing conditions, including the signage and road markings and road layout;

   d. place his vehicle in the correct direction for the side of the road he was on;

   e. drive in a reasonable and prudent manner with regard for the control of the vehicle and the roadway;

f.        see that which was there to be seen, including signage and roadway markings, and take proper action with respect thereto.

18.    Plaintiff avers that the Yes Employee was negligent in violating the following statutes of the State of Tennessee which were in full force and effect at the time and place of the collision, constituting ***negligence per se:***

    a.        Drove his vehicle to the left of center of the roadway in violation of T.C.A. § 55-8-115.

    b.        Failed to give to the plaintiff automobile one-half of the main-traveled portion of the roadway as is required by T.C.A. § 55-8-116.

    c.        Drove his vehicle across the dividing section of the highway in violation of T.C.A. § 55-8-125.

    d.        Failed to maintain his vehicle within a single lane of travel and moving the same from one lane of travel to the other without first ascertaining that said movement could be made in safety, which action on the part of the defendant constituted a violation of T.C.A. § 55-8-123.

    e.        Backed his vehicle upon the roadway without ascertaining that said movement could be made with reasonable safety in violation of T.C.A. § 55-8-163.

    f.        Drivers to Exercise Due Care: Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed

within or beside the roadway right of way, by operating the motor vehicle at a safe speed, by maintaining a safe lookout, by keeping the motor vehicle under proper control and by devoting full time and attention to operating the motor vehicle, under the existing circumstances to avoid endangering life, limb or property in violation of T.C.A. § 55-8-136.

g.    Drove his vehicle in wilful and wanton disregard for the safety of persons property in violation of T.C.A. § 55-10-205.

## V. CAUSATION

19.    Plaintiff avers that the Yes Employee owed a duty of safe, careful and lawful driving to the Plaintiff but that he breached that duty and was negligent on the date of the collision. The negligence of the Defendant(s) as set forth above, directly and proximately caused the collision and resulted in injuries and death to the Plaintiff, and the damages and losses here sought.

20.    As a direct and proximate result of the negligence of the Yes Employee and the imputed negligence of the Yes Defendant, the Plaintiff suffered serious, disabling, painful and permanent bodily injuries and then subsequent death, causing the decedent's estate to become liable for medical expenses.

## VI. INJURIES AND DAMAGES

22.    As a direct and proximate result of the Yes Employee's negligence, the Plaintiff alleges that the statutory beneficiary (the real party in interest) is entitled to damages, including but not limited to the following specific items of damages:

a.    Physical pain;

b.    Emotional suffering and grief of the decedent;

c.     Health care and funeral expenses;

d.     Loss of enjoyment of life;

e.     The pecuniary value of the life of the decedent at the time of her death;

f.     Loss of lifetime future earnings;

g.     The decedent's minor child's lifetime of loss of parental consortium;

h.     Costs of this cause;

i.     Pre-judgment interest; and

j.     All other general damages and other relief allowed under the laws of the
State of Tennessee to which she may be entitled.


## VII. RELIEF SOUGHT

**WHEREFORE, PLAINTIFFS PRAY:**

1.     For a judgment against the Defendants for compensatory damages in an amount to be
determined, for the damages listed above as a proximate result of the Defendants'
negligence.

2.     For cost of this matter to be taxed to the Defendants.

3.     For such other, further and general relief to which she may be entitled under the law.

Respectfully submitted this the __10__ day of August, 2014.

Jennifer K. O'Connell, 028101
For the Firm
The Law Offices of Ogle, Elrod, and Baril, PLLC
Attorney for the Plaintiff
706 Walnut Street, Suite 700
Knoxville, TN 37902
(865) 546-1111 (phone)
(865) 566-0658 (facsimile)
JOconnell@easttennlaw.com